**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 15 2013, 6:08 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES K. WISCO**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARNELL CHIVERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  24A01-1205-PC-206 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FRANKLIN CIRCUIT COURT
The Honorable J. Steven Cox, Judge
Cause No. 24C01-0603-FB-161

**July 15, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

On appeal from denial of post-conviction relief, Darnell Chivers ("Chivers") presented three issues for our review, which we consolidated and restated as whether the post-conviction court erroneously denied his petition for relief because:

I.      He was denied effective assistance of counsel; and
II.     His guilty plea was involuntary.

We affirmed, holding that he was not denied effective assistance of counsel, and that the issue of whether his guilty plea was entered into voluntarily was not properly before us because of a procedural bar. Chivers now petitions for rehearing.

We grant Chivers's petition for rehearing for the sole purpose of clarifying our earlier opinion.

**Issues**

In his petition for rehearing, Chivers raises several issues, which we revise and restate as:

I.      Whether Chivers successfully withdrew his motion to withdraw his guilty plea, thus placing the issue of the voluntariness of his guilty plea properly before us on appeal from denial of post-conviction relief;
II.     Whether Chivers's guilty plea was involuntary because he was ineligible for the habitual offender enhancement; and
III.    Whether Chivers received ineffective assistance of counsel.

**Discussion and Decision**

Motion to Withdraw Guilty Plea

Chivers contends that, contrary to the facts as stated in the opinion, "the record clearly reflects that the Motion to Withdraw Plea of Guilty was heard on the record in open court and

2

withdrawn by Petitioner." (Pet. for Reh'g at 4.) In support of this argument, Chivers relies in his petition for rehearing on the sentencing transcript, and effectively claims that we have misread the record. (Pet. for Reh'g at 2-4.) However, Chivers failed to provide the sentencing transcript to this Court in support of his appeal from denial of post-conviction relief, thus depriving us of the opportunity to review that portion of the record.

Moreover, our review of the record makes it clear that Chivers's argument on rehearing misrepresents the trial court record.[1] The Chronological Case Summary indicates that the "Defendant's Motion to Withdraw of Plea [sic] Overruled and Denied. Copies sent to M. Wilhelm, Darnell Chivers, T. Davis on 10-28-08." (App. at 11.) The sentencing hearing was held the following day, on October 29, 2008. (App. at 11.)

Further, during the hearing on Chivers's petition for post-conviction relief, the post-conviction court stated, "I think I actually denied [the Motion to Withdraw Plea of Guilty] beforehand, and then at the sentencing hearing I asked him about it, and he at that point said, no, I don't want to go forward [with the Motion to Withdraw Plea of Guilty]." (Tr. at 57.) The post-conviction court then stated, "I think it was made . . . it was motioned. It was denied of . . . you know, on paper, and they were aware of it, but then at the sentencing hearing I just wanted to make sure we weren't in one of these situations." (Tr. at 57.)

The record clearly indicates that the trial court denied Chivers's motion to withdraw his guilty plea before the sentencing hearing, and then took an extra step to ensure the

---

[1] We remind Chivers's appellate counsel that, under our rules of professional conduct, "[a] lawyer shall not knowingly[] . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]" Ind. Professional Conduct Rule 3.3(a)(1).

voluntariness of Chivers's guilty plea. Therefore, we conclude that the record does not support Chivers's argument on rehearing.

### Voluntariness of Guilty Plea

Because we have decided supra that the trial court denied Chivers's motion to withdraw his guilty plea, we decline to reconsider our conclusion that his argument as to the voluntariness of his guilty plea is not properly before us on appeal from denial of post-conviction relief.

### Ineffective Assistance of Counsel

Chivers argues that his trial counsel's failure to recognize the improper habitual offender allegation renders her assistance ineffective, and "that the ineffective assistance was material to his decision to plead guilty." (Pet. for Reh'g at 7.) He contends that "if the habitual offender enhancement had been dismissed, any hypothetical reasonable defendant would contemplate his options much more seriously, and would be much more likely to decide differently regarding proceeding to trial without the illusory threat of facing an additional fifty (50) years." (Pet. for Reh'g at 7.)

In its Habitual Offender Information, the State alleged that Chivers was convicted in Ohio of, inter alia, Breaking and Entering. (App. at 19.) The record contains no pre-sentence report, order from an Ohio court, or Chronological Case Summary from an Ohio court with which to independently verify the nature and existence of Chivers's prior criminal convictions in Ohio. However, during the hearing on the petition for post-conviction relief, Chivers argued that the Breaking and Entering conviction was a Felony of the Fifth Degree in

4

Ohio, and thus was eligible for a maximum penalty of up to twelve months under Ohio law. (App. at 33-34.) Further, during the hearing, the State conceded that the Breaking and Entering conviction was a Felony of the Fifth Degree in Ohio. (Tr. at 55.) And our research reveals that Breaking and Entering is a Felony of the Fifth Degree in Ohio, and is therefore eligible for a maximum penalty of up to twelve months under Ohio law. Ohio Code §§ 2911.13 & 2929.14. As such, we acknowledge that the uncontroverted evidence points to the conclusion that the Ohio conviction for Breaking and Entering could not serve as a felony for purposes of an habitual offender allegation. See Ind. Code § 35-50-2-1(b) (2012).

However, even without the habitual offender allegation, Chivers avoided exposure to a substantial additional penalty by pleading guilty. Chivers was convicted of one count of Armed Robbery, as a Class B felony,[2] and two counts of Criminal Confinement, as Class B felonies.[3] The maximum sentence for a Class B felony is twenty years and, except in certain circumstances, the trial court determines whether sentences are to be served concurrently or consecutively. I.C. §§ 35-50-2-5, § 35-50-1-2(c). Generally,

> the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-50-2-8 and IC 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

I.C. § 35-50-1-2(c).

Indiana Code section 35-50-1-2 provides an exception to this limitation when a crime

---

[2] Ind. Code § 35-42-5-1.

[3] I.C. §§ 35-42-3-3(a)(1), (b)(2)(A) (2002). The relevant statutory provision was modified, effective July 1, 2006.

5

of violence, such as Robbery, as a Class B felony, is involved. I.C. §§ 35-50-1-2(c) (2005)[4], 35-50-1-2(a)(12). And the Indiana Supreme Court has held that the sentencing limitation of Indiana Code section 35-50-1-2 does not apply to consecutive sentencing between a crime of violence and those that are not crimes of violence. Ellis v. State, 736 N.E.2d 731, 737 (Ind. 2000). Therefore, if all three Class B felonies were run consecutively, the trial court could have imposed a sentence of up to thirty years imprisonment for the two convictions of Criminal Confinement,[5] with an additional twenty years imprisonment for the conviction of Armed Robbery, for a maximum sentence of up to fifty years imprisonment. Because Chivers pleaded guilty based on the advice of his attorney, and his guilty plea reduced his exposure from fifty to a total of twenty years imprisonment, we cannot agree that Chivers has demonstrated that he did not receive effective assistance of counsel.

## Conclusion

We grant Chivers's petition for rehearing, reaffirming our opinion in all respects.

VAIDIK, J., and BROWN, J., concur.

---

[4] The relevant statute has been modified many times. We refer to the version of the statute in force at the time the crime was committed.

[5] The maximum sentence the trial court could have imposed for the two convictions of Criminal Confinement, run consecutively, is still thirty years imprisonment, the advisory sentence for a Class A felony. I.C. § 35-50-2-4; Ellis, 736 N.E.2d at 737.